(No. 11864.—Judgment affirmed.)

S. E. DAY, Admr., Defendant in Error, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed October 21, 1918.*

NEGLIGENCE—*what amounts to actual notice to employer.* If the acting foreman of a gang of bridge carpenters in the employ of a railroad company directs one of his men to place his tools in the pit of a turn-table the company is regarded as having actual notice of the man's presence there, and it is its duty to warn him before the turn-table machinery is started.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding.

CARL S. JEFFERSON, WILLIAM A. MEESE, and CHARLES S. ROBERTS, for plaintiff in error.

ELY & BUSH, and SEARLE & MARSHALL, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Defendant in error, S. E. Day, administrator of the estate of Joseph Y. Clapperson, deceased, brought suit in the circuit court of Rock Island county against the Chicago, Milwaukee and St. Paul Railway Company, plaintiff in error, to recover damages sustained by the widow and children of Clapperson by reason of his death, alleged to have been occasioned by the negligence of plaintiff in error. Upon a trial the jury returned a verdict for $7500 in favor of defendant in error. The circuit court rendered judgment upon the verdict and the railway company appealed to the Appellate Court for the Second District. The Appellate Court required defendant in error to remit $3750 and affirmed the

judgment for $3750. The record has been brought here for review by writ of *certiorari.*

Clapperson was in the employ of plaintiff in error as a member of a crew of bridge carpenters when he was killed in plaintiff in error's turn-table pit at Savanna, Illinois, on January 30, 1913. During the month of December, 1912, the crew of which Clapperson was a member had been doing work in the pit preparatory to the installation of a new and larger turn-table, and during that period the operator of the turn-table knew of their presence in the pit and gave the workmen warning before starting the machinery by means of which the turn-table was caused to revolve in the pit. While this work was being done in December, 1912, it was the custom of members of the crew to conceal their tools behind timbers in the pit. About thirty days before Clapperson was killed the crew completed its work in the turn-table pit and was during the month of January, 1913, engaged in various kinds of work at the plaintiff in error's railroad yards at Savanna. So far as the proof shows, no further work was done at the turn-table pit until a day or two prior to January 30, 1913, when Clapperson and Peter O'Connell, another member of the crew of bridge carpenters, did some repair work at the pit. At that time they brought with them a box containing their tools and after completing their work concealed the box in the pit. Mike Harnet was foreman of the crew of which Clapperson was a member, but in his absence O'Connell always acted as foreman. On January 30, 1913, O'Connell, Clapperson and two or three other workmen were engaged in adjusting a water-pipe near the turn-table. They finished their work about five o'clock in the afternoon, and Clapperson stated to O'Connell that he was going to put a saw which he had been using back in the box in the turn-table pit, to which O'Connell gave his assent or permission. Clapperson went to the pit, and while engaged in putting the saw in the tool-box the turn-table was without warning swung against Clap-

person and he was instantly killed. The operator of the turn-table did not know that any tools were being kept in the pit, nor did he know that Clapperson was in the pit when he started the machinery which caused the turn-table to revolve and swing against Clapperson.

At the close of all the evidence plaintiff in error asked the court to instruct the jury to find defendant not guilty. The refusal of the court to give this instruction is the only ground urged for reversal.

The principal contention on the part of plaintiff in error is that defendant in error failed to prove that there was such a custom among the employees of the plaintiff in error of keeping their tools in the pit of the turn-table as to impute notice to plaintiff in error. In this respect the contention of the plaintiff in error is sound, and were this the only question involved it would have been error for the trial court to refuse to give the peremptory instruction. There is evidence in the record, however, tending to show that plaintiff in error went into the pit of the turn-table to place his saw in the tool-box by direction of the plaintiff in error, and that it therefore had actual notice of his presence in the pit. The evidence tends to show that O'Connell, in the absence of the foreman of the crew of bridge carpenters, acted as foreman, and it was under his direction, while so acting as foreman, that the deceased went into the pit of the turn-table for the purpose of placing his saw in the tool-box. O'Connell was the vice-principal of plaintiff in error, and having given this order it was the duty of the plaintiff in error to warn the deceased before setting the turn-table in operation through its servant. While the question of O'Connell's authority was controverted in the trial court, the judgment of the Appellate Court settles that controversy contrary to the contention of the plaintiff in error, and as this question of fact thus determined is sufficient to sustain the judgment of the circuit court, the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*